UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BRYAN KERR DICKSON,                 :
                                    :
          Plaintiffs                :      No. 1:14-CV-01784
                                    :
     vs.                            :      (Judge Kane)
                                    :
UNITED STATES OF AMERICA,           :
et al.,                             :
                                    :
          Defendants                :

MEMORANDUM

Background

          The complaint filed by Bryan Kerr Dickson in the above-
captioned action relates to incidents which occurred at the United
States Penitentiary at Canaan, Waymart, Pennsylvania ("USP-
Canaan").[1]  Dickson arrived at USP-Canaan on June 25, 2012.
Dickson's complaint is titled "Tort Claim Act Lawsuit" and alleges
negligence, intentional torts of assault, battery, false arrest,
abuse of process, intentional infliction of emotional distress,
and false imprisonment stemming from his transfer to USP-Canaan on
June 25, 2012.  (Doc. No. 2, Complaint, at 1-15.)  Dickson alleges
that on June 27, 2012, he was placed in general population and
thereafter was assaulted by five or six other inmates when he was
in his cell writing a letter.  He claims that his "paperwork"
somehow became available to other inmates, that he was assaulted

_____

1.  Dickson is presently confined at the Federal Correctional
Institution, Marianna, Florida.

because of his "charges" and that correctional employees failed to protect him.  He further contends that the correctional employees should have been aware that his paperwork was "passed around the complex."  As relief, Dickson requests that he be confined in a "safe environment," evaluated by an orthopedic surgeon for double knee replacements, released from the Bureau of Prisons, and awarded monetary relief in the amount of 3.6 million dollars. Id., at 16-17.

Before the court is a motion to dismiss and/or for summary judgment filed October 9, 2015, on behalf of the United States and Charles M. Samuels, Jr., the Director of the Bureau of Prisons. (Doc. No. 36.)  A brief in support of the motion along with a statement of material facts in accordance with Local Rule 56.1 was filed by the Defendants on October 23, 2015.  Defendants argue for the dismissal of the complaint and entry of summary judgment in their favor because Dickson failed to exhaust administrative remedies, the complaint is subject to dismissal based on the applicable statute of limitations, and Defendant Samuels was not personally involved in the alleged conduct and respondeat superior cannot form the basis of a claim under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1977).[2]

---

2.  28 U.S.C. § 1331 states as follows: "The district court shall have original jurisdiction of all actions arising under the Constitution, laws, or treaties of the United States."
   Bivens stands for the proposition that "a citizen suffering a
(continued...)

On October 28, 2015, based on Dickson's unequivocal representation on the face of the complaint (Doc. 2, at 1 & 7) this court construed Dickson's complaint as one filed pursuant to the Federal Tort Claims Act ("FTCA") and dismissed all of Dickson's claims except for those brought against the United States.[3]  Thus, the only issues remaining are whether Dickson

---

2.  (...continued)
compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

3.  Prison officials violate an inmate's right to be free from cruel and unusual punishment when, through intentional conduct or deliberate indifference, they subject the inmate to violence at the hands of another prisoner.  Young v. Quinlan, 960 F.2d 351, 361 (3d Cir. 1992); Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985).  The plaintiff must prove more than that he had a fight with another inmate, see Beard v. Lockhart, 716 F.2d 544, 545 (8th Cir. 1983), and mere negligent conduct that leads to serious injury of a prisoner by a prisoner does not expose a prison official to liability under Bivens. See Davidson v. Cannon, 474 U.S. 344, 347-48 (1986).  Therefore, when one inmate assaults another, the victim's custodian is exposed to civil rights liability only when "he knows or should have known of a sufficiently serious danger to [the] inmate." Young, 960 F.2d at 361; see also Martin v. White, 742 F.2d 469, 474 (8th Cir. 1984); Mosby v. Mabry, 697 F.2d 213, 215 (8th Cir. 1982).  Dickson did not name any individual corrections officers as defendants and he did not assert that he was raising a failure to protect claim under Bivens against Director Samuels. Furthermore, even if he had,  records submitted by Dickson and the United States establish that he failed to exhaust his administrative remedies with respect to a Bivens claim. Dickson submitted an administrative remedy request in which he raised multiple issues, including the June 27, 2012, assault, to the Administrative Remedy Coordinator at USP-Canaan. (Doc. No. 55, at 24.)  Dickson in that administrative remedy form did not request monetary relief but a transfer to another facility. (Id.) Dickson dated the administrative remedy form August 26, 2012, but it is stamped

(continued...)

exhausted his administrative remedies with respect to his claim under the FTCA and whether or not that claim is barred by the statute of limitations.   Both of those issues concern the subject matter jurisdiction of this court because the FTCA is a limited waiver of sovereign immunity.   For the reasons set forth below, the United States' motion to dismiss and/or for summary judgment will be denied in part and a rule will be issued on Dickson to show cause why his compliant should not be dismissed for lack of subject matter jurisdiction.

**Discussion**

Where a motion to dismiss is made on the basis of lack of subject matter jurisdiction pursuant to Rule 12(b)(1), such jurisdiction may be attacked either facially or factually. <u>Mortensen v. First Federal Sav. and Loan Ass'n</u>, 549 F.3d 884, 891 (3d Cir. 1977); <u>Lawrence v. Dunbar</u>, 919 F.2d 1525, 1528-29 (11th Cir. 1990).   A court treats a facial attack on the complaint like all other Rule 12(b) motions to dismiss, looking to see whether a plaintiff has sufficiently alleged a basis for subject matter

---

3.   (...continued)
by a prison official on September 9, 2012. <u>Id.</u>   On September 13, 2012, the Administrative Remedy Coordinator rejected and returned the administrative remedy request to Dickson because (1) he did not attempt informal resolution prior to submission of the form; (2) he did not submit the request through his counselor or other authorized person; and (3) he submitted more than one issue on a single form. (<u>Id.</u> at 23.)   Dickson was further advised that he could resubmit the request in proper form within 5 days of the date of the rejection notice. (<u>Id.</u>)   Dickson did not resubmit the request.

jurisdiction, were the allegations in the complaint taken as true. Id.; Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir.), cert. denied, 449 U.S. 953 (1980). A factual attack, however, challenges "the existence of subject matter jurisdiction in fact," and requires that the court examine material outside of the pleadings, such as testimony and affidavits. Id.

Moreover, when a defendant moves to dismiss on the grounds of subject matter jurisdiction, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." Id.; Moir v. Greater Cleveland Rg'l Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990). In order to satisfy this burden, the plaintiff need only show that the complaint alleges a substantial claim under federal law. Id. When the party sued is the United States or one of its agencies, a waiver of sovereign immunity is a prerequisite to subject matter jurisdiction. See United States v. Mitchell, 463 U.S. 206 (1983); United States v. Bein, 214 F.3d 408, 412 (3d Cir. 2000); United States Environmental Protection Agency v. General Electric Co., 197 F.3d 592, 597 (2d Cir. 1999). Rule 12(b)(1) mandates dismissal of an action if the court lacks jurisdiction over the subject matter. Id.

Summary judgment is proper under Federal Rule of Civil Procedure 56(a) "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "[T]his standard provides that the mere existence of *some* alleged factual

5

dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986) (emphasis in original).

In light of the evidentiary materials submitted by both parties, the court will construe the United States' motion as a factual attack on the subject matter jurisdiction of this court.

**A. Exhaustion of Administrative Remedies**

The FTCA provides a remedy in damages for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of [the United States] while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

Dickson contends that prison personnel were negligent when they failed to protect him from the assault by other inmates on June 27, 2012.  The United States first contends that the instant action should be dismissed for Dickson's failure to exhaust his administrative tort claim remedies.

As a prerequisite to suit under the FTCA, a claim must first be presented to, and denied by, the federal agency.  The FTCA provides:

> An action shall not be instituted against the
> United States for money damages for injury or loss
> of property or personal injury . . . unless the
> claimant shall have first presented the claim to
> the appropriate Federal agency and his claim shall
> have been finally denied by the agency in writing
> and sent by certified or registered mail.

28 U.S.C. § 2675(a).

Dickson was required to submit to the Regional Office of the Bureau of Prisons Standard Form 95 or "other written notification of incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident."  28 C.F.R. § 14.2; 28 C.F.R. §§ 543.30 and 543.31(c). Furthermore, 28 U.S.C. § 2675(b) provides that an action under the FTCA "shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim."  28 U.S.C. § 2675(b).

The United States claims that Dickson never presented an administrative tort claim to the Bureau of Prisons.  However, Dickson in opposing the motion to dismiss and/or for summary judgment submitted documents clearly demonstrating that he did submit such a claim. Specifically, Dickson filed as an exhibit a copy of the Standard Form 95 which he submitted to the Northeast Regional Office of the Bureau of Prisons. (Doc. No. 54-1 at 87.)

7

The document is stamped received by the Regional Office on
September 13, 2013.  (Id.)  Dickson also submitted (1) a letter he
received dated November 14, 2013, from Michael D. Tafelski,
Regional Counsel, Northeast Regional Office of the Federal Bureau
of Prison, in which Mr. Tafelski acknowledges receipt of the
administrative tort claim and (2) a letter dated March 11, 2014,
from Mr. Tafelski denying Dickson's claim. (Id. at 88, 91.)  The
denial letter states as follows:

> Your Administrative Claim No. TRT-NER-2014-00701,
> properly received on September 12, 2013, has been
> considered for settlement as provided by the Federal
> Tort Claims Act (FTCA), 28 U.S.C. § 267, under authority
> delegated to me by 28 C.F.R. § 543.30.  Damages are
> sought in the amount of $800,800,000.00 based on a
> personal injury claim.  Specifically, you allege you
> were assaulted by other inmates when USP Canaan forced
> you to enter the general population on June 27,
> 2012.
>
> Investigation reveals on June 25, 2012, you arrived
> at USP Canaan from FCI Yazoo City.  You were placed in
> the Special Housing Unit pending review of your
> suitability for General Population.  On June 27, 2012,
> you were released to general population.  There is no
> record showing you raised any concerns about your
> placement in General Population.  Later that day, you
> were observed on your housing unit with injuries
> consistent with being in an altercation.  You were
> unable to identify your assailants.  You were
> medically assessed and transported to a community
> hospital for evaluation.  There is no evidence to
> suggest you experienced a compensable loss as the
> result of negligence on the part of any Bureau of
> Prisons employee.  Accordingly, your claim is denied.
>
> If you are dissatisfied with this decision, you may
> bring an action against the United States in an
> appropriate United States District Court within
> six (6) months of the date of this letter.

(Id. at 91.)  In light of the above, the United States' motion to dismiss and/or for summary judgment on the basis that Dickson failed to exhaust his administrate tort claim remedies will be denied.

**B.    Statute of Limitations**

The United States next argues that this court does not have subject matter jurisdiction over Dickson's FTCA claim because of his noncompliance with the statute of limitations and that his complaint should be dismissed on that basis.  The FTCA is a limited waiver of the United States' sovereign immunity.  CNA v. United States, 535 F.3d 132, 139-142 (3d Cir. 2008); Sargent v. United States, 620 F. App'x 69, 71 (3d Cir. July 13, 2015)("The FTCA offers a limited waiver of the federal government's sovereign immunity as to the negligent acts of government employees acting within the scope of their employment.").  28 U.S.C. § 2401(b) provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."   It is a well-settled principle that failure to comply with the 6-month statute of limitations will divest a district court of jurisdiction when raised as an affirmative defense.  See, e.g.,

9

<u>Seiss v. United States</u>, 792 F.Supp.2d 729, 732 (D.N.J. 2011)(court granted the United States' motion to dismiss).

The record establishes that Dickson presented the claim to the appropriate agency, the Federal Bureau of Prisons, within two years of when the claim accrued. Consequently, the only remaining issue is whether Dickson filed his complaint with this court within six months of March 11, 2014, the date set forth on the denial letter. As stated above, the denial letter advised Dickson the if he was dissatisfied with decision he could bring "an action against the United States in an appropriate United States District Court within six (6) months of the date of [the] letter." (Doc. 55 at 68.)  The letter further indicates it was sent "Via Certified and Return Receipt Mail."  <u>Id.</u>   Six months from March 11, 2014 was September 11, 2014.  <u>Cf.</u> <u>Nelson v. United States Postal Service</u>, 650 F.Supp. 411, 412 (W.D. Mich. 1986); <u>Yedwab v. United States</u>, 489 F.Supp. 777, 719 (D.N.J. 1980).[4] Dickson's complaint was received and filed in the Clerk's Office, one day late, on September 12, 2014.[5]

---

4.  It is well-settled that the six-month period is calculated without consideration of the fact that the length of the months varies from 28 to 31 days. If the mailing of the notice fell on December 31st the complaint would be due June 30th.

5.   The complaint on the first page is stamped "Filed Scranton Sep 12 2014" and the envelope in which the complaint was mailed was stamped "Received Scranton Sep 12 2014." (Doc. No. 1, at 1, 18.) There is also a stamped date in smaller font of "Sep 09 2014" which the court concludes is a date placed on the envelope by the prison mailroom upon receipt because the postmark of the

(continued...)

10

Although Dickson appears to have presented the complaint in an envelope for mailing to prison personnel on or about September 8, 2014,[6] the prison mailbox rule[5] does not apply to claims under the FTCA.  <u>Lightfoot v. United States</u>, 564 F.3d 625, 628 (3d Cir. 2009)("The Ninth Circuit recently noted . . . 'virtually every circuit to have ruled on the issue has held that the mailbox rule does not apply to [FTCA] claims, regardless of whether it might apply to other federal common law claims.'");[6] <u>Spirk v. United States</u>, 2013 WL 6504682, at *6 (M.D.Pa. Dec. 11, 2013)("[T]he mailbox rule announced in <u>Houston</u> and relied upon by Spirk does not apply to FTCA actions.")(Conaboy, J.); <u>Blue v. United States</u>, 2013 WL 1867093, at *3 (N.D.W.Va. May 3, 2013)(same).  Based on the record it appears that Dickson's claim is barred by the 6-month statute of limitations.  The court will issue an order directing Dickson to show cause why his complaint should not be dismissed for lack of subject matter jurisdiction.

---

5.   (...continued)
United States Postal Service on the envelope is dated September 10, 2014. (<u>Id.</u>; Doc. 2-6.)

6.   Dickson dated his complaint September 8, 2014.

5.   Under the prison mailbox rule, a filing by an inmate is completed when the complaint, petition or other document is deposited with the prison mailing system.  <u>Houston v. Lack</u>, 487 U.S. 266 (1988).

6.   The Third Circuit is quoting from <u>Vacek v. United States Postal Service</u>, 447 F.3d 1248, 1252 (9th Cir. 2006).

11

An appropriate order will be entered.