UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRYAN KERR DICKSON,** | : | |
| | : | |
| Plaintiffs | : | No. 1:14-CV-01784 |
| | : | |
| vs. | : | (Judge Kane) |
| | : | |
| **UNITED STATES OF AMERICA, et al.,** | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

### Background

The court incorporates herein by reference the memorandum of July 1, 2016. (Doc. No. 60.) By order of the same date the court directed Dickson to provide evidence demonstrating that the denial letter dated March 11, 2014, was not sent to him by certified mail return receipt mail on that date. (Doc. No. 61.) Dickson was advised that failure to file such evidence would result in the court issuing an order dismissing and closing this case. Dickson did file on August 9, 2016, a document entitled "Response to Defendants's Brief of July 1, 2016 C.E." (Doc. No. 65) but that document does not present any evidence demonstrating that the denial letter dated March 11, 2014, was not sent to him by certified mail return receipt on that date. The United States on August 19, 2016, filed a response (Doc. No. 67) to Dickson's filing of August 9, 2016. In that response, the United States states in relevant part as follows:

>After seeking and being granted an extension of time (docs. 64, 66), Dickson filed a "Response to Defendants Brief of July 1, 2016," which the United States has construed to be his response to the Court's July 1, 2016, show cause order. (Doc. 65.) Dickson's response to the statute of limitations argument does not begin until page 22 and fails to present any evidence concerning the March 11, 2014, date when his administrative tort claim was denied (and when the six month statute of limitations began). Rather, Dickson argues that, because he dated his complaint September 8, 2014, and gave it to prison officials at FCI Marianna for mailing on that date, his complaint was timely filed prior to the expiration of the statute of limitations on September 11, 2014. (Doc. 65 at 22-23.) However, as the Court properly concluded, "the prison mailbox rule does not apply to claims under the FTCA." (Doc. 60 at 11.) Thus, Dickson's complaint, filed on September 12, 2014, is barred by the six month statute of limitations and should be dismissed.

In light of the court's prior order and Dickson's failure to provide any evidence indicating he timely filed his complaint, the court will dismiss and close this case.

>An appropriate order will be entered.